UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**
**JUN 0 2 2006**
CLERK

| | | |
|---|---|---|
| HARDING COUNTY, SOUTH DAKOTA, a political subdivision of the State of South Dakota, by and through its Board of Commissioners; and CASEY OLSON, for himself, and on behalf of all of the other similarly situated taxpayers of Harding County, South Dakota, | ) ) ) ) ) ) ) ) ) | CIV. 04-5075-RHB |
| Plaintiffs, | ) ) ) | MEMORANDUM OPINION AND ORDER REGARDING SUMMARY JUDGMENT |
| vs. | ) ) | |
| RON FRITHIOF; KIM HOLLRAH; MELODY HARRELL; FRED DEEBROVNER; and UNIDENTIFIED DEFENDANTS A THROUGH E, | ) ) ) ) ) | |
| Defendants. | ) | |

**NATURE AND PROCEDURE OF THE CASE**

On August 20, 2004, plaintiffs commenced this action alleging that defendants improperly removed the fossilized skeletal remains of a juvenile tyrannosaurus rex from county land. The parties have named the remains "Tinker." Defendants contend that they acted in accordance with the lease agreement with the county. Currently pending before the Court is defendants' motion for summary judgment and plaintiffs' motion for partial summary judgment.

**FACTS**

In 1998, Mark Eatman (Eatman), a fossil hunter, requested permission to hunt for fossils on Gary Gilbert's (Gilbert) land. Plaintiffs' Statement of Undisputed Material Facts

(PSMF), 1. Eatman discovered, removed, and sold several fossils. PSMF, 4. Among the interested buyers was Kim Hollrah (Hollrah). PSMF, 5. Hollrah came to Eatman's home and examined the fossils. PSMF, 5. Upon his examination, Hollrah was convinced that more fossils existed at the site. PSMF, 6. Hollrah agreed to purchase the fossils for $50,000. PSMF, 7. "As part of the sale . . ., Eatman was to provide the precise location of the fossil discovery site." PSMF, 7. On September 20, 1998, a bill of sale was drafted in which Eatman sold his interest in the fossils to Ron Frithiof (Frithiof), Hollrah's partner. PSMF, 8, 9. After purchasing the fossils and Eatman's knowledge of the location of the fossil bed, Hollrah, Frithiof, and Mike Harrell (Harrell), entered into a lease with Gilbert which ran from September 18, 1998, through July 28, 2000, and allowed them to hunt for fossils on Gilbert's land. PSMF, 10.

Excavation of the fossil site began in July 1998. PSMF, 15. A second excavation took place in September of 1998. PSMF, 15. During both excavations, fossils were removed. PSMF, 15. During 1999 and 2000, there were no excavations. PSMF, 16. Rather, defendants took the time to prepare the fossils that had been removed in 1998, and photograph the site. PSMF, 16. In late 2000 or early 2001, Gilbert informed Frithiof that the location of the excavation site was near county land. PSMF, 14. In May of 2001, the Old Republic Insurance Company issued a commitment for an insurance policy for the site. Barker Affidavit, Exhibit 13. Within the commitment document it states that the land was owned by Harding County and leased to Gilbert "let for hay, grazing and-or agricultural purposes only." Barker Affidavit, Exhibit 13. The site was excavated two more times in the late summer and fall of 2001, and fossils were again removed. PSMF, 17.

2

Frithiof's attorney, Jimmy Nassour (Nassour), contacted Harding County Auditor, Kathy Glines (Glines) in July of 2000 and began to negotiate a lease with Harding County. PSMF, 28, 29. In November of 2000, Nassour sent Glines a proposed lease. PSMF, 34. He did not point out that the "Other" provision had been changed. PSMF, 35. In the November 2000 lease it stated:

> OTHER: In the event it is determined that Lessee has located, discovered, or removed any fossils on the Leased Property, or any other property owned by Harding County, prior to the date of this lease ("Prior Discover"), Lessor and Lessee agree to be bound by the terms of this Lease for such Prior Discovery and Lessee shall be responsible for payment as described in this Lease. Lessee may assign this Lease with the consent of Lessor.

PSMF, 36. The lease was signed by the Harding County Commission and began November 9, 2000, and was to be effective for five years. PSMF, Exhibit E. The lease also provided that the defendants would pay 10% of the actual selling price of any of the fossils originating from the leased land which were sold for over $1000. PSMF, Exhibit E. The lease further provided that defendants would have the legal title to all fossils found on the leased land regardless if they are removed. PSMF, Exhibit E.

On May 23, 2003, defendants were served with a "Notice of Rescission" by the County. PSMF 46. Plaintiffs filed this action on August 20, 2004. On January 17, 2006, plaintiffs moved for partial summary judgment. On January 18, 2006, defendants also moved for summary judgment. Both of these motions are currently before the Court.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that [the movant] is entitled to judgment as a matter of law." In determining whether

3

summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356-57, 89 L. Ed. 2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.

In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the underlying substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). The Supreme Court has instructed that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1986). The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Based on the foregoing, the trilogy of Celotex, Anderson, and Matsushita provides the Court with a methodology in analyzing a motion for summary judgment. See generally 1 Steven A. Childress & Martha S. Davis, Federal Standards of Review § 5.04 (2d ed. 1991) (discussing the standards for granting summary judgment that have emerged from Matsushita, Celotex, and Anderson). Under this trilogy, it is incumbent upon the nonmoving

parties to establish significant probative evidence to prevent summary judgment. See Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank, 934 F.2d 976, 979 (8th Cir. 1991).

## DISCUSSION

This Court has jurisdiction pursuant to 28 U.S.C. §1332. "In a diversity case, the contract must be construed according to state law." Orion Financial Corp. of South Dakota v. American Foods Group, Inc., 281 F.3d 733 (8th Cir. 2002) (citing Barry v. Barry, 172 F.3d 1011, 1013 (8th Cir. 1999)). Accordingly, the Court shall apply South Dakota law. See SDCL 53-1-4.

Plaintiffs contend that the lease is invalid due to the failure to follow the requirements of South Dakota law. South Dakota Codified Law, section 7-18-31 states that "[a]ny county may lease its county-owned property. Any such lease shall be for a term and upon the conditions provided by resolution of the governing body." However, "[i]f the governing body decides to lease any county-owned property to any private person for a term exceeding one hundred twenty days *and* for an amount exceeding five hundred dollars annual value it shall adopt a resolution of intent to enter into such lease and fix a time and place for public hearing on the adoption of the resolution." SDCL 7-18-32 (emphasis added). Only then may a county proceed to lease the land.

In this case, the lease was for a term of five years. The lease also required the defendants to pay the county "ten percent of the actual selling price of any fossils collected . . . and which are sold . . . for a sum exceeding One Thousand and No/100 Dollars." Defendants argue that because the lease does not specifically provide for the payment of more than five hundred dollars annually, this statute does not apply. The Court finds this argument to be fanciful and disingenuous. The complaint alleges that defendants received an offer for

5

the fossils in the amount of $8,500,000.00. Defendants deny having received such an offer. Defendants, however, agree that the amount in controversy is over $75,000.00, as they did not contest the jurisdiction of this Court. Furthermore, Frithiof has counterclaimed with an allegation of unjust enrichment alleging that the county has benefitted from his labor, goods, and services valued at $200,000.00. As a result the Court finds that it is not unreasonable to place the value of the contract as an amount exceeding five hundred dollars. As a result, the county was obligated to follow the statutory requirements regarding the lease of public property. The failure to do so renders this lease invalid ab initio.

As the Court reaches the conclusion that the lease is invalid for failure to follow the statutory requirements, consideration of the remaining issues of fraud, mistake, rescission, and conversion will not be made at this time. Accordingly, it is hereby

ORDERED that plaintiffs' motion for summary judgment (Docket #92) is granted.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket #96) is denied.

Dated this 2nd day of June, 2006.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE